| Williams v Williams |
|:---:|
| 2024 NY Slip Op 31577(U) |
| May 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 516390/2022 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83, of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the _2nd_ day of _May_____ ,2024.

P R E S E N T:

HON. INGRID JOSEPH,

Justice.

-----------------------------------------------------------------------X

TANYA R. WILLIAMS,

                                        Plaintiff,              Index No. 516390/2022

                -against-

RODNEY WILLIAMS, DEBRA ANN PETTIE,
LAUREN PEYTON GRAVES-MADDEN, THOMAS          **DECISION & ORDER**
GRAVES, MICHAEL GRAVES, JERRY GRAVES,
RAY GRAVES, BARRY GRAVES,
HAMONICA CLARK, LATASHA CLARK,
WILLIAM ALLEN GRAVES, JR., GREGORY GRAVES,
JOYCE GRAVES-HATCHER, GEORGE GRAVES,
JR., TAMMY NASH, JESSICA GRAVES, JASMINE
GRAVES, TAMARA GRAVES, DEBRA J. GRAVES,
and DOROTHY GIBSON COWAN,

                                        Defendants.

-----------------------------------------------------------------------X

The following e-filed papers read herein:                      NYSCEF Doc Nos.

**Mot. Seq. No. 3**
Order to Show Cause/Affirmation/Exhibits............................... 66 – 75, 79
Affidavit in Opposition ................................................. 80

**Mot. Seq. No. 4**
Notice of Cross-Motion/Affirmation/Affidavits/Exhibits............... 81 – 114
Affirmation in Opposition................................................. 116
Affirmation in Reply...................................................... 117

        This action concerns a property located at 368 Monroe Street in Brooklyn, New York (the

"Property"). In her complaint, Plaintiff Tanya R. Williams alleged that in addition to herself, 20

other individuals owned an interest in the Property. These other individuals were named as

defendants. Plaintiff asserted two causes of action for a partition and division of the Property and an accounting. In a Judgment of Partition and Sale dated July 14, 2023, this Court determined that the property should be sold at a public auction and that certain sums from the sale be distributed on a pro rata basis to the parties according to their ownership interests.[1] In this order, this Court also determined that defendant Rodney Williams ("Mr. Williams") defaulted by failing to interpose an answer to the complaint.[2]

Mr. Williams now moves by order to show cause for an order (i) staying the sale of the Property and (b) vacating the Judgment of Partition and Sale on the ground that he was never served with process and accordingly, the Court lacks jurisdiction over him. In his affidavit dated October 18, 2023, Mr. Williams alleges that he was never served with the summons and complaint and that he was at home at the date and time of the alleged service (June 20, 2022, 8:19PM) and prior attempted service (June 16, 2022, 8:04PM) and thus, substitute service was not necessary. Mr. Williams further alleges that the process server could not have taped the summons and complaint to the door because the door is a steel bar door. In addition, Mr. Williams avers that he never received a copy of the complaint by mail and had no knowledge of the lawsuit. Defendant Debra J. Graves ("Ms. Graves") submitted an affidavit in opposition, stating that she was served at the same time as Mr. Williams. Ms. Graves, who lives in the same building as Mr. Williams, avers that four copies of the pleadings were taped to the front door, one of which she left outside of Mr. Williams' residence and later observed him taking inside. Ms. Graves further states that copies of the pleadings were mailed.

In response, Plaintiff filed a cross-motion seeking the following relief: (a) sanctions, attorneys fees and referee's fees related to Mr. Williams' allegedly frivolous motion; (b) reimbursement by Mr. Williams for the prospective re-publishing of the Notice of Sale; (c) reimbursement by Mr. Williams for all real estate taxes and water charges that have accrued and continue to accrue as against the Property since he obtained a stay of the public auction (d) payment by Mr. Williams of any and all rent received by him from occupants of the Property since the date of the scheduled auction (Mot. Seq. No. 4). In her motion, Plaintiff argues that Mr. Williams was

---

[1] NY St Cts Elec Filing [NYSCEF] Doc No. 58-59.

[2] *Id.* In support of Plaintiff's moving papers for a default judgment and Judgment of Partition and Sale (Mot. Seq. Nos. 1-2), Plaintiff submitted an affidavit of service in which the process server avers that Rodney Williams was served on June 20, 2022 by affixing the pleadings to the door and by mailing a copy on June 21, 2022 (NYSCEF Doc No. 33, 52). The process server also averred that he made three prior attempts at personal service on June 15, 2022 at 3:25PM, June 16, 2022 at 8:04PM and June 18, 2022 at 1:50PM (*id.*).

[* 2]

properly served with not only the summons and complaint, but also with court notices, motions, the judgment and notice of sale. Moreover, Plaintiff contends that Mr. Williams' statement that he knew nothing of this litigation is belied by the affidavits of Plaintiff and Ms. Graves, in which they both assert that they discussed this matter with him. Thus, Plaintiff argues that Mr. Williams lacks credibility.

In opposition to the cross-motion, Mr. Williams' counsel asserts that his client specifically rebutted the affidavit of the process server. However, Mr. Williams did not submit an affidavit in opposition.

In her reply, Plaintiff argues that Mr. Williams' counsel's affirmation must be disregarded because it contains statements of fact. Plaintiff further asserts that Mr. Williams' assertion that the underlying papers could not have been taped to the door is belied by Ms. Graves' sworn statement that the papers were affixed to the steel door.

Generally, a defendant moving to vacate a default in failing to answer the complaint must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (CPLR 5015 [a] [1]; *Deutsche Bank Natl. Trust Co. v Geslani*, 222 AD3d 835, 837 [2d Dept 2023]). However, where a defendant moves to vacate under CPLR 5015 (a) (4) for lack of jurisdiction, he or she does not have to establish an excusable default or meritorious defense (*Shaw v Shaw*, 97 AD2d 403, 403 [2d Dept 1983]; *Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2d Dept 2013]). Instead, the "defendant must overcome the presumption raised by the process server's affidavit of service" (*Machovec v Svoboda*, 120 AD3d 772, 773 [2d Dept 2014]). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (*Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2d Dept 2016] [internal citations omitted]).

Here, the process server's affidavit of service constitutes prima facie evidence of proper service on Defendant under CPLR 308 (4) (*Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2d Dept 2014]). Thus, Mr. Williams is required to provide an affidavit with a factually specific and detailed rebuttal (*see id.*). Mr. Williams' conclusory statement that he never received service either by the papers being affixed to the door or mailed is an insufficient rebuttal (*compare Washington Mut. Bank v Huggins*, 140 AD3d 858, 859 [2d Dept 2016] [a "conclusory assertion

[* 3]

that [defendant] did not receive the mailed papers was similarly inadequate to overcome the inference of proper mailing that arose from the affidavit [of service]"], *with HSBC Bank USA, N.A. v Assouline*, 177 AD3d 603, 604-605 [2d Dept 2019] [service rebutted where defendant provided detailed affidavit stating that she was at home at time of each attempted service as she was recovering from surgery and never heard anyone knock or ring her doorbell and that upon leaving her home the day after the alleged service, she did not see any papers affixed to her door]). Though Mr. Williams avers that he was home on June 16 when service was attempted and on June 20 when the papers were affixed to the door, he failed to address the process server's averments as to the other two attempted service dates (*U.S. Bank N.A. v Itshak*, 189 AD3d 919, 920-921 [2d Dept 2020]).

Moreover, the Second Department has determined that a defaulting party has failed to rebut the presumption of proper service by, for example, failing to submit affidavits of other residents or family members visiting the home in which they deny seeing copies of papers affixed to the door or in the mail (*id.* at 921; *Countrywide Home Loans, Inc. v Smith*, 171 AD3d 858, 860 [2d Dept 2019]). Here, Mr. Williams does not address, let alone contest, Ms. Graves' assertions that the papers were affixed to the door and mailed. Thus, the Court finds that Mr. Williams' averments or lack thereof insufficient to rebut the presumption of proper service.

Accordingly, it is hereby

ORDERED, that Defendant Rodney Williams' motion (Mot. Seq. No. 3) is denied; and it is further

ORDERED, that Plaintiff's motion (Mot. Seq. No. 4) is granted to the extent that Defendant Rodney Williams is required to pay (a) the costs of re-publishing the Notice of Sale and (b) his prorated share of all real estate taxes and water charges that have accrued since the stay of the scheduled auction.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____
HON. INGRID JOSEPH, J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**

4

[* 4]